EVA S. POTTER, by her next friend, B. F. SLEDGE v. THE WILMINGTON & WELDON RAILROAD COMPANY.

### *Negligence—Carriers of Passengers.*

1. Railroad companies are held to a high degree of responsibility in providing for the safety of passengers. But from the nature of their business, it is attended with some danger, and when they make it as safe as it practically can be made, they are not liable for an injury which results to a passenger from his own lack of caution.

2. Where a passenger—a child of nine years of age—fell and broke her arm over the iron rail of the track of a railroad company, which was close to the defendant's, at its depot where it was accustomed to receive and discharge passengers, no negligence being shown in the manner in which the rails were arranged, the defendant was not liable.

3. *Quære*, Whether the defendant could be held responsible for defects existing in the track of another railroad.

CIVIL ACTION tried before *Gudger, Judge,* and a jury, at Fall Term, 1884, of HALIFAX Superior Court.

The plaintiff, a girl nine years old, sueing by her next friend, brought this action to recover damages for injuries sustained by her in the breaking of her arm while she was approaching the defendant's passenger train at Weldon to go on the same from that place as a passenger to Halifax, a station on the defendant's road. She alleges that the injury was occasioned by the negligence of the defendant in failing to keep the passage way for persons going on its train in good and safe condition and repair.

The evidence was, that the defendant and two other railroad companies, each had a railroad track, a short section of each road, constructed in the usual manner, upon lines a few feet apart, nearly or quite parallel each with the other, under a large shed common to all the companies at Weldon in this State. Passenger trains on each of these roads stopped regularly under this shed to let off and take on passengers and baggage, and transfer passengers and baggage from one train to another. No platform or elevation of any kind was used for such purpose; passengers got on the train directly from the ground, and getting off it stepped immediately upon the ground.

One of the tracks mentioned lay between the defendant's track and that on which the plaintiff fell and broke her arm.

The plaintiff, going a way frequently used by persons approaching defendant's train, while crossing the track of the Petersburg railroad, hitched her foot, as she testified, under the bottom of the iron-rail and fell. She did not know whether there was any open space under the iron-rail or not, she was looking in front of her towards the hotel, she had crossed one iron (meaning the iron-rail), and struck the next one and fell. She said "If I had been looking where I was walking I could have kept from falling."

A witness who was with the plaintiff at the time of the accident, testified that only two trains meet at Weldon at that time, one train had arrived, the defendant's train was expected in a few minutes, many persons were then passing about, no engine mov-

ing there at the time the accident occurred, two or three minutes before schedule time for arrival of the train. This witness and plaintiff were going direct to the hotel; he said, "I was a step before her; she fell at the rail; I did not see her strike her toe; there was some elevation between this and next track on which she fell; there was a ridge of dirt two or three inches in height; the crossties were filled in between with earth even with the ties, smooth, and the dirt half-way of the rail, she could not have hung her foot under the rail. She is a child of average intelligence, she was nine years old. One looking where he was walking, could get over safely. The rails were of "T" iron. Track has been filled since the accident. More dirt in middle but not more against the rails. Flange of the engine keeps the dirt away from the inside of the rail two or three inches."

Another witness testified, that during the Spring before the accident, the track was raised; track was not filled, end of sills exposed; enough of iron was exposed for the toe to catch under the rail; space of half-inch under the rail to the dirt. This is a common pass-way."

Another witness testified that the "track had been in the same condition it was at the accident sometime before—a year or more. Dirt even with the ties in the middle of the track ; flange of the rails covered. She could not get her toe under the bottom of the rail." It is admitted in the case for this court, agreed to by the counsel of the parties, that "plaintiff struck her toe against the inner rail of the Petersburg Railroad track."

The Court instructed the jury that accepting the evidence as true, there was no negligence on the part of the defendant. They rendered a verdict accordingly. There was judgment for the defendant, and the plaintiff appealed to this court.

*Messrs. Mullen & Moore* and *A. J. Burton*, for the plaintiff.
*Messrs. Day & Zollicoffer* and *R. O. Burton, Jr.*, for the defendant.

MERRIMON, J. (after stating the facts as above). We think that the Court gave the jury the proper instruction. In any view of the evidence, negligence on the part of the defendant did not appear from it. The injury the plaintiff sustained was the manifest result of her own misadventure and misfortune, and not of the negligence of the defendant. She was passing towards defendant's track, at a point where she intended to go on its train as soon as it should arrive, as a passenger, and while crossing the Petersburg Railroad track she "struck her toe against the inner rail" of that track and fell to the ground, breaking her arm by the fall. It does not appear that the fall was occasioned by any unevenness of the ground, or a hole in it, or obstructions allowed to be temporarily or permanently at and about the place where she fell. It seems that the surface of the ground was nearly level, except that the inner rail of the track was slightly above the surface, and immediately inside of the track on each side there was a small channel or opening in which the flange of the engine-wheel moved. This opening was necessary and unavoidable. It was easily passed over and without danger, if the person crossing it would give even slight attention to his movements. The track, the rail, the channel inside of and along it, the ground about it, were all plainly to be seen, and interposed slight or no obstacle to an ordinary person passing that way. The plaintiff herself testified that if she had been looking where she was walking, she would have kept from falling, and the witness who had charge of her testified, that " one looking where he was walking could get over safely." If she had given slight attention to her steps she would not have encountered the misfortune that befell her.

Railroad companies, as common carriers, are necessarily and justly held to a high measure of care, circumspection and responsibility, especially in respect to the safety of passengers—indeed, of all persons whom they transport—but they are not required to do, or have, or observe such things, as under the circumstances of the matter in question, are unreasonable. In the nature of their

POTTER *v.* WILMINGTON & WELDON RAILROAD.

business, some things necessarily attended with more or less danger are essential. Such things they are required to make as safe as practicable, to keep them so, and use them properly and cautiously. When they do so, and a passenger, through his lack of caution or his negligence, suffers injury from such dangerous thing, the company is not responsible for such injury. Passengers on their part are required to observe proper caution, to see and avoid danger when they reasonably can, and if they will not they must suffer the consequences of their rashness, the company being free from fault. What is due caution must depend largely upon the nature of the danger encountered and the circumstances of the person endangered at the time.

The channel or opening just inside of the rail of the track, caused the plaintiff, as she incautiously walked along, to strike her toe against the exposed side of the rail, and she fell to the ground and broke her arm as a consequence. She could easily see the rail and the opening and avoid any danger from it. The defendant was in no default—it was not negligence on the part of the company owning the road, or the defendant, to allow it to be there—it was essential. The company could not, in the nature of its use and purpose, dispense with it and keep it closed, and it was not bound to do so. The plaintiff was bound to take notice of it and avoid danger from it at her peril.

We pass by the question, whether the defendant could, in any view of the matter, be held responsible for defects, if such had existed, on and just about the track of the road of the Petersburg Railroad Company.

No error. Affirmed.